UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**UNITED STATES OF AMERICA**

v.  Case No: 5:18-cr-10-Oc-27PRL

**CHRISTOPHER BARRINGTON
FERGUSON**

_____/

## ORDER

**BEFORE THE COURT** is correspondence from Defendant, construed as a motion to set aside a declaration of forfeiture and return of property, his affidavit, and the United States' response in opposition (Dkts. 32, 34, 37). Defendant seeks return of $16,000, a cell phone and food scale seized when he was arrested, after he handed the $16,000 to an undercover agent as partial payment for a kilo of cocaine (Dkt. 25, PSR, ¶ 9-10). Upon consideration, Defendant's construed motion is **DENIED**.

Defendant was indicted and charged with attempting to possess with intent to distribute 500 grams or more of cocaine (Dkt. 9). Significantly, the Indictment included a forfeiture allegation directed to "any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation," pursuant to 21 U.S.C. § 853(a)(1) and (2). He pleaded guilty and was sentenced to 24 months, followed by a 3 year term of supervised release (Dkt. 30).

Defendant contends (1) that his property is not contraband and is not "lawfully subject to forfeiture" and (2) that he never received written notice of the forfeiture. He also maintains that the $16,000 "is lawful monies [sic] that is not tainted funds-traceable to any criminal conduct." He avers that he "voluntarily" "turned over" the $16,000, cell phone and food scale, and that he "did not receive any type of formal notification . . . regarding a nonjudicial forfeiture proceeding" against the

1

$16,000.[1]

The $16,000 and cell phone were administratively forfeited by Customs and Border Protection.[2] Defendant's reliance on Rule 41,Fed.R.Crim.P. is misplaced. Rule 41(g) is inapplicable to forfeitures. *United States v. Watkins*, 120 F.3d 254, 255 (11th Cir. 1997).The exclusive remedy to set aside a forfeiture is under 18 U.S.C. § 983(e). *Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005). Under § 983, the court's review "is limited to determining whether the agency followed the proper procedural safeguards." *Id.* at 1196.[3] The issue is whether Customs and Border Protection complied with the publication and written notice provisions of 18 U.S.C. § 983(a). Section 983 provides:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1)(A).

It is only required that the "notice [be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mesa Valderrama*, 417 F.3d at 1196-97 (citation omitted). And reasonable notice

---

[1]Defendant's contention that the $16,000 is "not tainted funds-traceable to any criminal conduct" is disingenuous. He admitted as part of the factual basis for his guilty plea that he "exchanged text messages" with the undercover agent in which "they agreed to meet at a restaurant in Clermont . . . to make a one-kilogram cocaine purchase" and that he handed the $16,000 to the agent as part payment for the kilo of cocaine, promising to pay the $10,000 balance in a week or less (Dkt. 15 at 4).

[2]The United States does not address the food scale. Nor was it included in the notice sent to his residence. Accordingly, the United States is directed to return it to Defendant.

[3]This court lacks jurisdiction to review the merits of an administrative forfeiture. *Arango v. U.S. Dep't of Treasury*, 115 F.3d 922, 925 (11th Cir. 1997).

"requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Id*.

Notice of the seizure and intent to forfeit was published on the website *forfeiture.gov* from May 11, 2018 through June 9, 2018 (Dkt. 37 at 2, Attachment B). And a notice of forfeiture was sent to Defendant at his residence by certified mail, return receipt requested (Attachment B). The certified mail notice was accepted and signed for by an unknown individual at Defendant's residence. Before mailing the notice, Customs and Border Protection confirmed through the Lake County Jail, where he had been held, that he had been released on February 8, 2018 (Attachment C). The website was in error, however, as he had been released to the U.S. Marshal.[4]

I find that Customs and Border Protection, took reasonable steps to provide Defendant with notice, as evidenced by the certified mail notice it sent to his residence. The Lake County Jail's error does not mitigate against that reasonable effort. As noted, all that was required was an attempt to provide notice, not that the Government was successful in providing notice. *Mesa Valderrama*, 417 F.3d at 1196-97.

Moreover, Defendant knew from the forfeiture allegations in the Indictment that the funds and cell phone would be subject to forfeiture. And he was reminded of that when he pleaded guilty. (Dkt. 15 at 2) ("Additionally, the defendant must forfeit to the United States any and all assets and property, subject to forfeiture, pursuant to 21 U.S.C. § 853, as outlined in the Indictment."). He therefore had reason to know that his property had been seized and sufficient notice of the forfeiture to file a timely claim. And by inference from his motion, he was aware that someone at his residence accepted the certified mail notice. One with actual notice of an administrative forfeiture cannot complain that he did not receive notice. *See Whiting v. United States*, 231 F.3d 70, 76 (1st Cir. 2000).

---

[4] The United States acknowledges that the individual was not Defendant. Notwithstanding, Defendant seemingly acknowledges that the certified mail notice was sent to his residence. He contends "[i]f the government claims that they sent a notice to Mr. Ferguson [sic] home, when the government knew Mr. Ferguson was in jail, [t]his does not qualify as a proper notice" (Dkt. 32).

Finally, while Defendant does not ask that the Court exercise its equitable jurisdiction, if he had asked, I would not. The following are considered in determining whether equitable jurisdiction is exercised: "(1) whether the government agents seized the property in callous disregard for the constitutional rights of the petitioner; (2) whether the petitioner has an individual interest in and need for the material he seeks to have returned; (3) whether the petitioner would be irreparably injured by denial of the return of property; (4) whether the petitioner has an adequate remedy at law." *See United States v. Bynum*, No. 18-11525, 2019 WL 2451030, at *3 (11th Cir. June 12, 2019) (quoting *Mesa Valderrama*, 417 F.3d at 1197).

The $16,000 and cell phone were used in an attempt to purchase a kilo of cocaine. They were not seized in callous disregard for Defendant's constitutional rights. Moreover, he relinquished his interest in the $16,000 when he exchanged it with the undercover agent for what he thought was cocaine. He used his cell phone to text the undercover agent to set up the drug deal. There is no irreparable harm under the circumstances. And he failed to avail himself of an adequate remedy under the applicable statutes.

In conclusion, Customs and Border Protection was authorized to conclude the administrative proceeding with a declaration of forfeiture, which has the same force and effect as a "final decree and order of forfeiture" issued in a judicial proceeding. 19 U.S.C. § 1609. Defendant's construed motion to set aside the declaration of forfeiture and return of property is accordingly **DENIED**.

**DONE AND ORDERED** this 26th day of August, 2019.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copy to: Defendant, Counsel of Record